IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CLAIRE FITZGERALD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:26-cv-631-ECM |
| | ) | [WO] |
| JAMES R. BAUGHER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

On August 3, 2026, *pro se* Plaintiff Claire Fitzgerald ("Plaintiff" or "Fitzgerald") filed this civil action against James R. Baugher, Eric Komitee, Michael Loguercio, and Margo K. Brodie (collectively, "Defendants"). (Doc. 1). Fitzgerald also filed a motion for leave to proceed *in forma pauperis* ("IFP"). (Doc. 2). Because Fitzgerald's affidavit establishes that she is unable to pay court fees, the Court finds that her motion to proceed IFP is due to be granted pursuant to 28 U.S.C. § 1915(a). Further, after careful review of the complaint pursuant to § 1915, and for the following reasons, the Court finds that Fitzgerald's complaint is due to be dismissed without prejudice for failure to state a claim and because the action is malicious.

Although § 1915 permits federal courts to authorize the prosecution of a civil action without the prepayment of fees upon a plaintiff's showing of indigency, *see* 28 U.S.C. § 1915(a), the statute does not create an unfettered right to proceed IFP in a civil action. Notwithstanding a plaintiff's indigency, this Court "*shall* dismiss the case" if the Court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which

relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 18 U.S.C. § 1915(e)(2)(B) (emphasis added).[1] "[A] plaintiff's duplicative complaint is an abuse of the judicial process and is properly dismissed without prejudice as malicious under [§ 1915]." *Daker v. Ward*, 999 F.3d 1300, 1308 (11th Cir. 2021). Further, dismissals under § 1915(e)(2)(B)(ii) for failure to state a claim are governed by the same standard as dismissals pursuant to Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). "Dismissal under Rule 12(b)(6) is appropriate when a plaintiff fails to allege facts sufficient 'to raise a right to relief above the speculative level' or fails to 'state a claim to relief that is plausible on its face.'" *Jacob v. Mentor Worldwide, LLC*, 40 F.4th 1329, 1334 (11th Cir. 2022) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Although the Court construes Fitzgerald's *pro se* pleading liberally, the Court may not "rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 750 F.3d 1165, 1168–69 (11th Cir. 2014) (citation omitted)).

Fitzgerald's complaint alleges as follows: "Defendants do not honor gay rights, while this Court must instruct them. Punitive damage is sought." (Doc. 1 at 1). Construing her complaint liberally, she appears to bring a claim pursuant to 42 U.S.C. § 1983 for an alleged violation of her constitutional rights. Fitzgerald's complaint fails to state a claim, however, because she fails to plead any facts to show that she is entitled to relief; her

[1] Although the statute governing proceedings *in forma pauperis* references actions instituted by prisoners, *see* 28 U.S.C. § 1915, it has been interpreted to apply to all litigants requesting leave to proceed *in forma pauperis*. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (per curiam).

allegation that the Defendants "do not honor gay rights" is a legal conclusion which the Court need not accept as true, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Therefore, Fitzgerald's complaint is due to be dismissed for failure to state a claim pursuant to § 1915(e)(2)(B)(ii).[2]

Additionally, Fitzgerald has filed identical complaints against the same Defendants in multiple federal district courts nationwide. *See, e.g.*, *Fitzgerald v. Baugher*, 2026 WL 2254785, at *1–2 (C.D. Ill. Aug. 5, 2026) (discussing identical complaint and dismissing it with prejudice for failure to state a claim and as malicious; explaining that Fitzgerald filed the same complaint "in over 22 courts within just days of each other"); *Fitzgerald v. Baugher*, 2026 WL 2620063, at *1–2 (N.D. Ind. Sept. 3, 2026) (discussing identical complaint and dismissing it for failure to state a claim and as malicious); *Fitzgerald v. Baugher*, 2026 WL 2262759, at *1–2 (N.D. Miss. Aug. 5, 2026) (discussing identical complaint and recommending dismissal failure to state a claim), *report and recommendation adopted*, 2026 WL 2474419 (N.D. Miss. Aug. 21, 2026).[3] The Court

[2] Although this Court ordinarily should grant a *pro se* plaintiff leave to amend before dismissing a complaint, the Court need not do so when the amendment would be futile. *See Silberman v. Miami Dade Trans.*, 927 F.3d 1123, 1132–33 (11th Cir. 2019) (stating that a *pro se* plaintiff must be given one opportunity to amend before the court dismisses the action *with prejudice* but is not required to do when amendment would be futile). Here, the complaint does not indicate a basis to conclude that proper venue lies in this district, nor does it contain a sufficient basis for the Court to exercise personal jurisdiction over the Defendants. *See Fitzgerald*, 2026 WL 2620063, at *2 (observing, regarding an identical complaint, that Fitzgerald "does not explain who the Defendants are or what basis she has for filing in this court"). Because it appears that Fitzgerald would not be able to state a plausible claim even if permitted to amend her complaint, the Court finds that amendment would be futile and thus declines to allow Fitzgerald to amend. *See id.* (dismissing without leave to amend). This conclusion is bolstered by the fact that the Court will dismiss the complaint *without* prejudice.

[3] In another case, a United States Magistrate Judge of this Court recently detailed similar examples of *pro se* filings of duplicative, bare-bones complaints in multiple federal district courts nationwide. (Doc. 10 in *Ventura v. Vella-Marone et al.*, 2:26-cv-345-ECM-JTA (M.D. Ala. June 23, 2026)).

finds that Fitzgerald's filing of duplicative complaints is an abuse of the judicial process, and therefore her complaint in this case due to be dismissed without prejudice as malicious pursuant to § 1915(e)(2)(B)(ii) for this additional, independent reason.

This Court also has "both the inherent power and the constitutional obligation to protect [its] jurisdiction from conduct which impairs [its] ability to carry out Article III functions." *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986) (en banc) (per curiam). Complaints such as Fitzgerald's containing no supporting facts and no apparent basis for proper venue in this district or the exercise of personal jurisdiction over the Defendants, and which are duplicative of other lawsuits filed in other federal courts, threaten to consume judicial time and resources unnecessarily at the expense of other litigants. This Court "has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Id.* at 1074. Concomitant with this responsibility, this Court has the authority—and broad discretion—to fashion appropriate remedies aimed at curbing abuse of the judicial process. *See id.* at 1074–75; *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir. 1993) (per curiam). For this additional reason, the Court finds that dismissal of this action without prejudice is appropriate. Further, Fitzgerald is CAUTIONED that, if she or anyone acting in concert with her files a duplicative or facially frivolous complaint in the future, the Court may take additional steps to curtail her abusive litigation conduct, including but not limited to summarily dismissing the pleading and the action without prior notice or imposing a pre-filing screening requirement. *See Martin-Trigona*, 986 F.2d at 1385–88 (upholding a filing

injunction against the plaintiff and anyone acting in concert with him based on the plaintiff's vexatious litigation conduct which abused the legal system).

Accordingly, upon review of the complaint pursuant to 28 U.S.C. § 1915, and pursuant to the Court's inherent authority to manage its docket and to "protect [its] jurisdiction from conduct which impairs [its] ability to carry out Article III functions," *Procup*, 792 F.2d at 1073, it is

ORDERED as follows:

1. Fitzgerald's motion to proceed IFP (doc. 2) is GRANTED;

2. Fitzgerald's complaint (doc. 1) is DISMISSED without prejudice;

3. All pending motions are DENIED as moot, and all pending deadlines are TERMINATED;

4. As a consequence of Fitzgerald's vexatious filing of duplicative actions and pleadings which fail to state a claim upon which relief can be granted, if Fitzgerald or anyone acting in concert with her files a duplicative or facially frivolous complaint in the future, the Court may summarily dismiss the pleading and the action without prior notice.

A separate Final Judgment will be entered.

DONE this 13th day of October 2026.

/s/ Emily C. Marks
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE